OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
*985 Landlord commenced two separate summary proceedings against tenant. The first matter was a holdover proceeding in which the parties entered into a stipulation of settlement. Tenant subsequently moved by order to show cause to restore the holdover proceeding to the calendar. Tenant’s order to show cause was signed, on or about November 19, 1997, and indicated that until “the entry of a Court Order, all proceedings by the petitioner, his/her attorney, and any City Marshal are stayed.” Subsequently, the holdover proceeding was adjourned until January 8, 1998. The second case was a nonpayment proceeding in which tenant failed to appear, a default judgment was entered on or about December 9, 1997, and tenant was subsequently evicted on January 5, 1998.
A stay is defined as “a direction of the court, usually embodied in an order, 'freezing’ an action or proceeding before it at whatever point it has reached and precluding it from going any further” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2201:l, at 7). CPLR 2201 states that “[e]xcept where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just.”
It is clear that a stay is effective solely within the parameters of the proceeding in which it was issued, whereas an injunction has a much broader effect. The holdover and nonpayment proceedings are two distinct cases, based on different facts. Accordingly, the stay issued in the holdover proceeding had no effect in the nonpayment proceeding. All other issues have not been preserved for appellate review.
Aronin, J. P., Scholnick and Patterson, JJ., concur.